WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Holguin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-00175-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Bruce G. Macdonald, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On August 8, 2022, Magistrate Judge Macdonald issued a Report and Recommendation (R&R). He recommends that the Court grant the Plaintiff's requested relief sought pursuant to 42 U.S.C. §§405(g) and 1383(c) in her Complaint for judicial review of a decision of the Commissioner of Social Security. The Magistrate Judge recommends remanding the case to the Commissioner for an award of benefits.

The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and remands the case to the Commissioner to award disability benefits to the Plaintiff.

STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendants, and the parties' briefs considered by the Magistrate Judge in deciding the motions to dismiss.

R&R: OBJECTIONS

Both parties agree that the Commissioner committed legal error in the Decision because the Administrative Law Judge (ALJ) did not consider mental health records received after the hearing that were included in the record and, therefore, the ALJ made findings that were not based on a complete record. There is no objection to the Magistrate Judge's determination that this Court lacks jurisdiction to limit the agency's regulatory authority to revisit a subsequent decision issued for a different application by the Plaintiff, wherein the Commissioner found the Plaintiff disabled as of October 6, 2020, the day after

this Decision was issued on October 5, 2020. Correspondingly, there is no objection to the recommendation to deny the Plaintiff's Motion to Amend the Complaint to limit review on remand to May 25, 2016, through October 5, 2020 and preclude review of the October 6, 2020 finding of disability.

The sole issue before the Magistrate Judge and this Court is whether the remand should be for an award of benefits or for further administrative proceedings. The Defendant argues the recommendation to remand for an award of benefits is a ploy to do logistically what the Court cannot do as a matter of law. This Court does not agree.

The Magistrate Judge correctly applied the law for assessing whether to remand for further proceedings or an award of benefits, as follows.

> A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). "'[T]he decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court.'" *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (quoting *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citing *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)). Conversely, remand for an award of benefits is appropriate where: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Benecke*, 379 F.3d at 593 (citations omitted). Where the test is met, "we will not remand solely to allow the ALJ to make specific findings. . . . Rather, we take the relevant testimony to be established as true and remand for an award of benefits." *Id.* (citations omitted); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "Even if those requirements are met, though, we retain 'flexibility' in determining the appropriate remedy." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

(R&R (Doc. 28) at 21-22.)

"The Commissioner acknowledges that 'the ALJ did not consider mental health records received after the hearing, but that were exhibited in the record (AR 570- 735)[,] . . . [and] made findings that were not based on a complete record[.]' Response (Doc. 27) at 6. The Commissioner asserts that '[t]he lack of an evaluation of these records by the ALJ, the fact-finder, means there are outstanding issues that must be resolved before a disability determination can be made, and further proceedings would be useful.' *Id.*" (R&R (Doc. 28) at 21.) The Plaintiff argues this legal error resulted in a residual functional capacity

- 3 -

(RFC) determination that is not supported by substantial evidence and no clear and convincing reasons for discrediting the Plaintiff's testimony.

The Magistrate Judge included the mental health records in the R&R that the ALJ ignored. They reflect that by February 2019, Plaintiff was consistently seeking outpatient psychiatric treatment including therapy and medication management. [] Furthermore, Plaintiff's treatment records indicate depression and anxiety from her alleged onset date." *Id.* at 22.

The mental health records support Plaintiff's symptom testimony at the hearing. Her symptoms had improved, but she was still in the process of finding the correct medication management. *Id.* at 3. She "described her depression symptoms to include staying bed, being unable to get up, and not feeling happy but forcing herself out of bed to care for her daughter; Plaintiff estimated that she wants to stay in bed at least one (1) or two (2) days per week; Plaintiff confirmed that some days are worse than others, with crying episodes occurring with a similar frequency to wanting to stay in bed." *Id.* at 3 (cleaned up).[1] She testified that she "has continuing feelings of helplessness; that her anxiety causes her to feel like someone is following her, and she sometimes imagine that people in the store are carrying guns." *Id.* at 3-4. (cleaned up).

Plaintiff indicated that she has regular anxiety attacks that occur almost daily, with a racing heart, difficulty breathing, and lightheadedness. She no longer drives, unless necessary. She is unable to sleep at night, even with pills and teas, and is very tired every day due to lack of sleep. *Id.* at 4.

The Plaintiff testified to being limited in her daily living activities. "Plaintiff testified that her son usually accompanies her to the store," and "she is not always able to complete her shopping, because she is unable to calm herself and cannot breathe." *Id.*
"[O]n the days when she stays in her room, she does not shower because she does not feel like doing anything; her son and daughter live with her and help her with household

---

[1] The Court uses "cleaned up" in the citations to reflect citations to the administrative record included in the R&R have been excluded here and multiple sentences have been combined summarily.

chores." *Id.* at 4. (cleaned up). She "explained that she sold her house and bought a mobile home, so that she does not have a mortgage, and her son helps with the rest of the bills, and she receives food assistance." *Id.* Plaintiff testified "she limits going out because of her mental symptoms, and not wanting to be out of the house." *Id.* She goes to church once per week. *Id.* at 8. "Plaintiff indicated that she would rather not deal with anyone, and has a fear of being around other people, as well as the police." *Id.* at 9.

Plaintiff described herself as having a short temper, with an inability to control her anger. *Id.* Plaintiff's niece provided consistent lay testimony, describing the Plaintiff as staying in bed for weeks, not wanting to get up; having difficulty remembering to take her medicine or taking it twice. She described Plaintiff has having problems getting along with family, friends, and neighbors; getting upset for no reason and does not like to be around people. Plaintiff no longer handles stress or changes in routine well. *Id.* at 17-18.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding symptoms is consistent with the objective evidence and other evidence of record: 1) the ALJ must determine whether the claimant has objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged, *Lingenfelter, v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007), and if so and there is no evidence of malingering, 2) "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so," *Garrison v. Colvin*, 795 F.3d 995, 1014-15 (9th Cir. 2014). This is the most demanding requirement in Social Security cases. *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

In relation to the ALJ's consideration of Plaintiff's mental health impairments, the ALJ held the Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms were inconsistent with the evidence because: (1) the record showed minimal treatment; (2) the record showed generally unremarkable mental status examinations, and (3) Plaintiff resisted and/or did not comply with treatment. As all parties agree, the ALJ Decision, especially the assertion that the record showed minimal treatment with regard to

1 Plaintiff's mental health symptoms, was error because the ALJ had held the record open in
2 this case for receipt of all of Plaintiff's behavioral health records, which were
3 approximately 160 pages of substantive mental health treatment submitted from Terros
4 Health containing one and one-half years of medication management visits and individual
5 counseling sessions.

6 The ALJ's Decision did not cite to this extensive mental health record. Due to this
7 omission, the ALJ's findings that the record supports minimal treatment was not supported
8 by substantial evidence. Likewise, the ALJ failed to reconcile his findings that Plaintiff's
9 mental status examinations were unremarkable with the mental health records. In short, the
10 ALJ's Decision purportedly relied on objective medical evidence in the record as a basis
11 for rejecting Plaintiff's testimony but failed to account for the mental health records.
12 Without this consideration, the ALJ failed to provide specific, clear and convincing reasons
13 supported by substantial evidence for rejecting Plaintiff's symptom testimony.

14 The Court agrees with the Magistrate Judge that Plaintiff's symptom testimony, if
15 credited, requires an award of benefits. The ALJ posited several hypotheticals to the
16 vocational expert, which accounted for the types of symptoms the Plaintiff reported, such
17 as "limitations that the person was unable to work up to one (1) hour in an eight (8) hour
18 workday, excluding lunches and breaks"; "misses work three (3) days per month on
19 average"; has frequent crying episodes at least one day per week, if the crying caused the
20 individual to be off task for ten (10) percent of the time, work at a slower pace, or be
21 disruptive to the work environment, or is "unable to tolerate even minor changes in the
22 workplace." For this symptomology, the vocational expert concluded this level of
23 absenteeism, being off task or disruptive to the workplace would result in a person being
24 unable to sustain full time competitive employment. (R&R (Doc. 28) at 15-17.)

25 The Court finds that there are no outstanding issues to be resolved, no need for
26 further development of the record, and it is clear from the record that the ALJ would be
27 required to find the claimant disabled if Plaintiff's symptom evidence is credited. The test
28 is met. Where the test is met, "we will not remand solely to allow the ALJ to make specific

findings. . . . Rather, we take the relevant testimony to be established as true and remand for an award of benefits." *Supra. above* at 3. The Court is confident that the test is met because Plaintiff filed a subsequent application for benefits, and the Commission issued a finding of disability as of October 6, 2020, commencing the day after this Decision issued denying her benefits as of October 5, 2020. It would be unfair to allow the Commissioner to decide the issue of her disability as of October 5, 2020, again; this would create an unfair "heads we win; tails, let's play again" system of adjudicating disability benefits. *Benecke*, 379 F.3d at 595.

CONCLUSION

After de novo review of the issues raised in Defendant's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R. The Court adopts it, and for the reasons stated in the R&R, the Court finds in favor of the Plaintiff and remands the case to the Commissioner for an award of disability benefits.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 28) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that this case is remanded to the Commissioner for the Social Security Administration for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment for the Plaintiff and close this case.

Dated this 8th day of September, 2022.

Honorable David C. Bury
United States District Judge