**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Holguin, | No. CV-21-00175-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Emily Tedone, counsel for Plaintiff Mary Holguin, has filed a Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b). (Doc. 35). The Court will grant the motion and award Ms. Tedone fees in the amount of $15,006.50.

The fee agreement between Ms. Tedone and Plaintiff provided that Tedone would receive 25 percent of the past-due benefits awarded to Plaintiff and any dependents resulting from Tedone's representation. Ms. Tedone now seeks an order authorizing payment of past-due benefits withheld by Defendant for the purpose of compensating Plaintiff's representative and argues that her request is reasonable, given the contingent nature of the fee agreement and its terms, that the representation was successful, that the effective hourly fee of $724.95 an hour for 20.7 hours of work was reasonable, and that the attorney fees are based only on past-due benefits and not future benefits.

Title 42 United States Code section 406 establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). "The statute deals with the

administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794. Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the United States Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). The Supreme Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Supreme Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*.

Ms. Tedone states that she expended 20.7 attorney-hours on Plaintiff's civil litigation. The record indicates the Commissioner withheld $11,496.25 from Plaintiff's past-due benefits and $3,510.25 from Plaintiff's dependent's past-due benefits to pay her representative, which amount was 25% of the total past-due benefits.

Having considered the reasonableness factors set forth in *Gisbrecht*, the Court concludes that a contingency fee of $15,006.50, equal to 25% of the past-due benefits Plaintiff received, is reasonable. Ms. Tedone ultimately achieved a favorable result for Plaintiff and should be reasonably compensated commensurate with the risks involved in contingent fee litigation.

There being no objection, the Court will award Ms. Tedone the full § 406(b) amount of $15,006.50.

**Accordingly**,

 **IT IS ORDERED** that the Plaintiff's Attorney's Motion for an Award of Attorney

Fees Under 42 U.S.C. § 406(b) (Doc. 35) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall reflect the award to Ms. Tedone for attorney fees in the amount of $15,006.50 to be paid out of the sums withheld by Defendant from Plaintiff's past-due benefits.

Dated this 20th day of June, 2023.

Honorable David C. Bury
United States District Judge